```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Eric Mbangu,                      :

    Plaintiff,                :
                                       Case No. 2:13-cv-0576

    v.                        :
                                         JUDGE GEORGE C. SMITH

Richard O. Allen,                 :   Magistrate Judge Kemp

    Defendant.                :

### REPORT AND RECOMMENDATION

    Plaintiff, Eric Mbangu, has filed a *pro se* complaint against attorney Richard Allen, alleging that he paid Mr. Allen $3,000.00 to represent him in a criminal matter and Mr. Allen did nothing in exchange for that fee.  Mr. Mbangu is seeking a refund of the $3,000.00 plus interest and also asked to be allowed to proceed *in forma pauperis*.  For the following reasons, it will be recommended that this case be dismissed for lack of subject matter jurisdiction.

    When a plaintiff asks the Court to be allowed to proceed without payment of fees, the Court is required to look at the complaint to make sure that it either states a valid legal claim, or one which is within the jurisdiction of the Court.  Congress set forth that requirement by statute in 28 U.S.C. §1915(e), and the courts are required to carry out that Congressional mandate. The Court has examined Mr. Mbangu's complaint and finds that it does not state a claim that is within the jurisdiction of a federal court.

    Federal courts can hear only those kinds of cases that are described in Article III of the United States Constitution, and then only if Congress has granted particular federal courts the power to hear those cases.  Article III of the Constitution does not allow federal courts to hear cases that involve, as plaintiffs and defendants, citizens of the same state if the

legal claim involved in the case arises under state law.  Rather, a federal court can hear state law cases only if the parties are from different states and the amount in controversy exceeds $75,000.  Consequently, the relevant jurisdictional statute, 28 U.S.C. §1332(a), states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000 exclusive of interest and costs* ... and is between ...citizens of different states...."  (emphasis added).  This statute gives the Court power to hear what are called "diversity" cases, meaning cases arising between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of interest and costs.  Without a specific grant of jurisdiction over such cases, the federal court simply cannot hear the case.

 Here, it appears from the complaint that Mr. Mbangu is seeking $3,000.00 plus interest.  Although he and Mr. Allen are from different states, this is not a case in which the amount in controversy exceeds the sum or value of $75,000.  Mr. Mbangu's claim presents only a claim arising under state, and not federal, law.  This Court, as a federal court of limited jurisdiction rather that a court of general jurisdiction (such as the Ohio Courts of Common Pleas) simply does not have the ability to hear his case.  In other words, diversity jurisdiction is lacking here.  See, e.g., Garvin v. Corrections Corp. of Am., No. 4:11CV02054, 2012 WL 262725 (N.D. Ohio Jan. 27, 2012)(dismissing plaintiff's negligence claims without prejudice where plaintiff requested "$6,000.00 for pain and suffering as a result of [d]efendants' negligence," which was "far less than the amount required to establish federal court jurisdiction").  Because there is no jurisdiction, although the Court grants Mr. Mbangu's motion for leave to proceed *in forma pauperis* (Doc. 1), it recommends that this case be dismissed without prejudice for lack

of jurisdiction and without any decision on the merits of his claim.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge